UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 14, 2016

LETTER TO COUNSEL

RE:   *Edward Harwart v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-3516

Dear Counsel:

On November 19, 2015, Plaintiff Edward Harwart petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, as well as Mr. Harwart's reply. (ECF Nos. 15, 19, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Mr. Harwart filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 31, 2012. (Tr. 272-87). He alleged a disability onset date of April 1, 2012. *Id.* His claims were denied initially and on reconsideration. (Tr. 198-205, 208-11). A hearing was held on August 4, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 112-39). Following the hearing, the ALJ determined that Mr. Harwart was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 94-111). The Appeals Council denied Mr. Harwart's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Harwart suffered from the severe impairments of "chronic obstructive pulmonary disease (COPD), osteoarthritis and allied disorders, and obesity." (Tr. 99). Despite these impairments, the ALJ determined that Mr. Harwart retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can constantly push or pull at the light exertional level, he can occasionally climb stairs, ramps, ropes, ladders, or scaffolds, he can frequently balance, he can occasionally stoop, kneel, crouch, or crawl, and he can occasionally be exposed to pulmonary irritants or temperature extremes. Nonexertionally, he can understand, remember, and carry out short simple instructions and can have frequent contact with supervisors, coworkers, and the public.

*Edward Harwart v. Commissioner, Social Security Administration*
Civil No. SAG-15-3516
October 14, 2016

(Tr. 101). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Harwart could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 104).

Mr. Harwart raises two primary arguments on appeal: (1) that the ALJ erroneously assessed his RFC; and (2) that the ALJ assigned inadequate weight to the opinion of the treating physician, Dr. Richter. Each argument lacks merit and is addressed below.

First, Mr. Harwart contends that the ALJ erroneously assessed his RFC. Pl. Mot. 16-19; Pl. Rep. 2-3. Specifically, he argues that the ALJ failed to consider Mr. Harwart's need for a cane in his RFC assessment. *Id.* To support his assertion, Mr. Harwart cites testimony and written statements noting that he was prescribed a cane and uses it to walk. Pl. Mot. 17 (citing (Tr. 117, 132, 304, 340, 373, 408, 868)). Contrary to Mr. Harwart's assertion, the ALJ properly assessed Mr. Harwart's RFC. Most significantly, the ALJ noted that "[Mr. Harwart's] testimony and written statements regarding his symptoms and related limitations are out of proportion to the medical evidence," (Tr. 102), and "inconsistent with severe pain and other symptoms precluding all work related activity," (Tr. 103). To be sure, the ALJ noted Mr. Harwart's testimony "that he has been using a cane for the past six months," "has pain in his back [and] knees," and "has to elevate his legs 15 minutes five to six times a day" due to swollen ankles. (Tr. 102). However, the ALJ also found that "he could walk on his heels and toes, his balance and coordination were intact, and his gait was normal." *Id.* In addition, the ALJ noted that "findings on diagnostic tests were generally mild," *id.*, "[s]traight leg raises were negative," *id.*, and "treatment records reflect that he denied swelling in his joints and repeatedly noted that he had no edema in his extremities," (Tr. 102-03); *see* (Tr. 618-22, 637-44, 653-755, 868-99, 913-25). Critically, the ALJ also noted that although Mr. Harwart "recently presented with a cane, [] there is no evidence that it was prescribed for him or that he requires it for ambulation." (Tr. 102). Indeed, Mr. Harwart's written statements contradict his testimony that he was ever prescribed a cane. (Tr. 408). Moreover, Mr. Harwart's written statements concede that he does not always rely on use of a cane, but rather only "when [his] knee gives out." *Id.* Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls to the ALJ. *Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly assessed Mr. Harwart's RFC, and supported his findings with substantial evidence.

Second, Mr. Harwart argues that the ALJ assigned inadequate weight to the opinion of the treating physician, Dr. Richter. Pl. Mot. 3-15; Pl. Rep. 4-6. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, where a treating source's opinion is not supported by

*Edward Harwart v. Commissioner, Social Security Administration*
Civil No. SAG-15-3516
October 14, 2016

clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Mr. Harwart's assertion, the ALJ properly evaluated Dr. Richter's opinion. The ALJ assigned Dr. Richter's opinion "limited weight" because it was inconsistent with the medical evidence and unsupported by the objective record. (Tr. 103-04). Notably, Dr. Richter opined that Mr. Harwart "should never climb stairs, ladders, or crouch, and [that] he had limitations with reaching and…could only occasionally twist due to back pain syndrome." (Tr. 103-04). Additionally, Dr. Richter opined that Mr. Harwart's "symptoms constantly interfere with attention and concentration and that he would miss more than four days of work per month." (Tr. 104). Accordingly, the ALJ assigned Dr. Richter's opinion "limited weight" and noted that "[t]he weight given is reflected in the residual functional capacity for no more than occasional climbing and other postural activities." *Id*.

To support his assertion, the ALJ found that "Dr. Richter's opinion…is inconsistent with the generally normal objective findings on examinations and [Mr. Harwart's] admitted daily activities[.]" (Tr. 104). Specifically, the ALJ noted that "neither the objective findings nor…admitted activities support problems with reaching or [Dr. Richter's] speculation with regard to missing work." In addition, the ALJ noted that Dr. Richter's "opinion with regard to attention and concentration is inconsistent with [Mr. Harwart's] description of his ability to sustain attention, follow instructions, and complete tasks[.]" (Tr. 104); *see* (Tr. 102). Moreover, substantial evidence elsewhere in the record, including the "generally normal objective findings on examinations and the generally mild to moderate findings on diagnostic tests," further belies Dr. Richter's opinion. (Tr. 103). Furthermore, the ALJ noted the consultative examiner's determination that "[Mr. Harwart] could perform the requirements of light work with postural limitations with bending, stooping, kneeling, and crouching," (Tr. 103, 618-22), and cited the State medical consultant's corroboration of Mr. Harwart's light RFC, (Tr. 104, 172-91). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord only "limited weight" to Dr. Richter's opinion.

Mr. Harwart also contends that the ALJ failed to consider the factors outlined in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(1)-(6), when assigning weight to Dr. Richter's opinion. The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. 20 CFR §§ 404.1527(d), 416.927(d). These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the specialization of the physician; the consistency of a medical opinion with the record as a whole; and the extent to which a medical

*Edward Harwart v. Commissioner, Social Security Administration*
Civil No. SAG-15-3516
October 14, 2016

opinion is supported by evidence. 20 CFR §§ 404.1527(d)(1)-(5), 416.927(d)(1)-(5). Upon review of the record, I find that the ALJ cited each factor required under the regulations. Specifically, the ALJ noted that Dr. Richter examined Mr. Harwart and performed a physical RFC assessment. (Tr. 103-04, 865-66). The ALJ also adduced Dr. Richter's opinion, and cited his Medical Source Statement, which contains Dr. Richter's original notes and denotes his status as Mr. Harwart's primary physician. *Id*. The ALJ then found, as noted above, that Dr. Richter's opinion was "inconsistent" and unsupported by the objective evidence. (Tr. 103-04). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly applied the regulations in assigning weight to Dr. Richter's opinion, and that his findings are supported by substantial evidence.

For the reasons set forth herein, Mr. Harwart's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge